# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MELANIE M. MANNING,** | : | **No. 3:11cv302** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **JAMES J. HAGGERTY;** | : | |
| **JASON HOLLY;** | : | |
| **MENECHEM GANSBURG; and** | : | |
| **TABACALERA REPUBLICA, INC.,** | : | |
| **Defendants** | : | |

## MEMORANDUM

Before the court is defendants' motion to dismiss.  (Doc. 5).  Also before the court is plaintiff's competing motions to amend her complaint, join an additional plaintiff, and disqualify defendants' attorney.  (Doc. 23).  Having been fully briefed, the matter is ripe for disposition.

**Background**

This case arises from the alleged events preceding a state court lawsuit between the parties.  The court will consider the facts as presented in plaintiff's pleadings in the light most favorable to the plaintiff.[1]

Plaintiff Melanie M. Manning (hereinafter "plaintiff"), a citizen of Luzerne County Pennsylvania, was the sole owner and operator of the El Humidor cigar tobacco store (hereinafter the "cigar store") in Wilkes Barre, PA.  (Doc 1, Compl. ¶¶ 4, 9).  On November 17, 2009, plaintiff sold her business and its assets to

---

[1] Plaintiff filed her original complaint on February 11, 2011. (Doc. 1).  Prior to receiving leave from the court to file an amended complaint, plaintiff presented her amended complaint for the court to consider.  (Doc. 16).  The facts presented in both complaints were considered because this opinion disposes of both defendants' motion to dismiss as well as plaintiff's motion for leave to amend her complaint.

Defendants Jason Holly, Menechem Gansburg, and Tabacalera Republica, Inc.
(hereinafter "defendant-purchasers") for $118,500.  (Id. ¶ 10).  The payment terms
called for a one time payment of $100,000 and quarterly payments of $4,625
commencing January 1, 2010.  (Id. ¶¶ 10, 15).  Plaintiff retained the corporate entity
of "El Humidor."  (Id. ¶ 10).  The defendant-purchasers made the required cash
payment and all ownership rights and assets on the premises became their property.
(Id. ¶ 11).

After the November 17, 2009 sale, plaintiff ceased involvement in the
operation of the cigar store; however, plaintiff, defendant-purchasers, and the cigar
store manager, Adam Zwolinsky, agreed that mail addressed to plaintiff or El
Humidor would be placed in a separate box for plaintiff to periodically collect.  (Doc.
16, Am. Compl. ¶¶ 10-12).  Zwolinsky, who stayed on as the cigar store manager
through the transition, allegedly observed Defendant Holly search through and take
letters out of Manning's mail box.[2]  (Id. ¶ 13).  Describing one specific instance,
Zwolinsky states that Holly "picked out a letter addressed to Melanie Manning which
had the [Internal Revenue Service] logo on the envelope, and opened it.  He then
flaunted the letter openly in the store among myself, employees, and a few patrons,
exclaiming that Mrs. Manning owed around $10,000 to the government in back
taxes."  (Id.)

Defendant-purchasers did not make the first quarterly payment of $4,625 due

---

[2] Although plaintiff contends to possess Zwolinsky's affidavit, such an affidavit
was not properly filed with her amended complaint.  (See Docs. 14, 16).  For the
purposes of this opinion, the court will presume Zwolinsky's statements are
accurately quoted in plaintiff's amended complaint.

on January 1, 2010. (Doc 1, Compl. ¶ 15). The second $4,625 payment was similarly withheld on April 1, 2010. (Id. ¶ 17). El Humidor filed suit against defendant-purchasers on April 5, 2010 in the Pennsylvania Court of Common Pleas of Luzerne County. (Id. ¶ 18). El Humidor sought money damages and a preliminary injunction to block the relocation of the cigar store. (Id.) Defendant James Haggerty represented defendant-purchasers in the Luzerne County action. (Id.)

The Honorable Joseph J. Van Jura held a hearing on El Humidor's motion for an injunction on April 15, 2010. (Id. ¶ 19). At the hearing, Defendant Haggerty offered into evidence a November 23, 2009 letter addressed to Melanie Manning from the Internal Revenue Service ("IRS"). (Id.) The letter contains information about potential liens and tax liability. (Doc. 1, Ex. B, IRS Letter). Defendant Haggerty also presented an unsigned letter from Defendant Holly to Melanie Manning at the April 15, 2010 hearing. (Doc 1, Compl. ¶ 19). This letter is dated December 29, 2009 and contains, among other things, a request for plaintiff to pay the federal tax lien. (See Doc. 16, Ex. B, Letter to Manning from Holly). Plaintiff disclaims having ever received this letter, and argues that defendants obtained that information from the IRS letter. (Doc 1, Compl. ¶ 19). Plaintiff asserts that the tax lien was paid sometime after the November 17, 2009 sale of the cigar store. (Id. ¶ 20). At the conclusion of the April 15 hearing, the court denied El Humidor's motion for a preliminary injunction and lifted the temporary restraining order that had been in place. (Id. ¶ 21).

Over time, plaintiff realized that other mail she should have received never

arrived, including correspondence with state tax authorities concerning settlement of the amount due for sales tax from El Humidor.  (Id. ¶ 27).  Plaintiff contends that the introduction of the purloined letter damaged her.  (Id. ¶ 28).

Plaintiff filed the instant complaint on February 11, 2011.  The complaint seeks an order from the court requiring defendants to deliver immediately to plaintiff all mail in their possession addressed to the plaintiff.  The complaint also seeks actual and punitive damages against the defendants.  After being served with the complaint, defendants filed the instant motion to dismiss.  Plaintiff opposed defendants' motion to dismiss and, subsequent to filing briefs in opposition to defendants' motion to dismiss, plaintiff filed a motion requesting the court for leave to amend her complaint.  The parties then briefed the issues, bringing the case to its present posture.

**Jurisdiction**

Plaintiff asserts claims under several federal statutes, including 18 U.S.C. §§ 371, 1702, 1708 and 26 U.S.C. §§ 6103, 7213, 7431.[3]  The court has jurisdiction pursuant to 28 U.S.C. § 1331, which provides that '[t]he district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

**Legal Standard**

Defendant brings this motion to dismiss pursuant to Federal Rules of Civil

---

[3]  The court considers the statutes cited in plaintiff's proposed amended complaint as a basis for federal question jurisdiction because, as will be explained below, the court will test the claims in the proposed amended complaint for futility.  The standard for deciding whether claims are futile for the purposes of granting leave to amend a complaint is the same as a motion to dismiss.  See Massarsky v. General Motors Corp., 706 F.2d 111, 125 (3d Cir. 1983).  It is well settled that a district court cannot rule on a complaint's failure to state a claim when that district court does not have jurisdiction.  See Johnsrud v. Carter, 620 F.2d 29, 31-32 (3d Cir. 1980) (citing Bell v. Hood, 327 U.S. 678, 682 (1946)).

Procedure 12(b)(1) and 12(b)(6).  Rule 12(b)(1) mandates dismissal of the complaint when the court "lack[s] subject-matter jurisdiction."  FED. R. CIV. P. 12(b)(1).  In determining whether the court has subject-matter jurisdiction, the court must decide "whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court."  Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006) (citations omitted).  "Challenges to subject matter jurisdiction under Rule 12(b)(1) may be 'facial' or 'factual.'"  Turicentro v. Am. Airlines, 303 F.3d 293, 300 n.4 (3d Cir. 2002).  A facial attack serves to "contest the sufficiency of the pleadings, and the trial court must accept the complaint's allegations as true."  Id.  If the attack is factual, the court "accords plaintiff's allegations no presumption of truth.  In a factual attack, the court must weigh the evidence relating to jurisdiction, with discretion to allow affidavits, documents, and even limited evidentiary hearings."  Id.

When a defendant files a motion pursuant to Rule 12(b)(6), all well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether "under any reasonable reading of the pleadings, the plaintiff may be entitled to relief."  Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988) (quoting Estate of Bailey by Oare v. Cnty. of York, 768 F.2d 503, 506 (3d Cir. 1985)).  The court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case."  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citations omitted).  The court does not have to accept legal conclusions or unwarranted factual inferences.  See Curay-Cramer v. Ursuline Acad.

5

of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower

Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

The federal rules require only that plaintiff provide "'a short and plain

statement of the claim showing that the pleader is entitled to relief,'" a standard

which "does not require 'detailed factual allegations,'" but a plaintiff must make "'a

showing, rather than a blanket assertion, of entitlement to relief' that rises 'above the

speculative level.'" McTernan v. City of York, 564 F.3d 636, 646 (3d Cir. 2009)

(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).  The

"complaint must contain sufficient factual matter, accepted as true, to 'state a claim

to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)

(quoting Twombly, 550 U.S. at 570).  Such "facial plausibility" exists "when the

plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." Id.

## Discussion

Defendants seek dismissal of the case on several grounds.  Plaintiff seeks

leave of the court to file an amended complaint under Federal Rule of Civil

Procedure 15(a).  For the foregoing reasons, defendants' motion to dismiss will be

granted and plaintiff's motion for leave to amend her complaint will be denied.

### A.  Motion to Dismiss

#### 1.  Lack of Subject-Matter Jurisdiction

The court rejects defendants' argument that the court lacks jurisdiction

because defendants' subject matter jurisdiction argument is inextricably intertwined

with their argument on the merits,[4] and dismissal for subject matter jurisdiction is not appropriate when the basis for such dismissal is a failure to state a claim for which relief can be granted or a merely incorrect legal theory.  See Nesbit v. Gears Unlimited, Inc., 347 F.3d 72, 80 (3d Cir. 2003) ("dismissal for lack of jurisdiction is not appropriate merely because the legal theory alleged is probably false, but only because the right claimed is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy" (quoting Growth Horizons, Inc. v. Del. Cnty., 983 F.2d 1277, 1281 (3d Cir. 1993))).

## 2. Failure to State a Claim upon which Relief can be Granted

Plaintiff contends that several criminal statutes, 18 U.S.C. §§ 371, 1702, and 1708, entitle her to injunctive relief and damages against defendants.  Defendants retort that these statutes and the case law interpreting them foreclose the possibility of a private cause of action.  The court agrees with defendants; no law supports a private cause of action based on these provisions of the criminal code.

The Supreme Court has warned against readily conferring new civil remedies onto statutes with other enumerated remedies.  See e.g., Karahalios v. Nat'l Fed'n of Fed. Emps., 489 U.S. 527, 533 (1989) ("It is also an 'elemental canon' of statutory construction that where a statute expressly provides a remedy, courts must be

---

[4] In their motion to dismiss, defendants' essentially argue that "Manning has failed to set forth a right of action cognizable under the laws of the United States and for which this Court has subject matter jurisdiction."  (Doc. 10, Defs' Br. In Supp. of Mot. to Dismiss at 6). Arguments such as this, coupled with the fact that defendants do not separate their 12(b)(1) and 12(b)(6) motions into discrete sections, lead this court to believe that defendants premise their subject matter jurisdiction argument on the contention that no claim for which relief can be granted exists.

especially reluctant to provide additional remedies.") (citations omitted).  With

respect to criminal statutes conferring private causes of action, the Third Circuit has

endorsed the following view:

> Today the principal question is whether the statute creates rights in
> favor of identified persons.  If yes, a private action to enforce these
> rights is apt to be inferred; otherwise not.  *Criminal statutes, which
> express prohibitions rather than personal entitlements and specify a
> particular remedy other than civil litigation, are accordingly poor
> candidates for the imputation of private rights of action*.

Doe v. Broderick, 225 F.3d 440, 448 (2000) (quoting Chapa v. Adams, 168 F.3d

1036, 1037-38 (7th Cir.), cert. denied, 528 U.S. 839 (1999)) (emphasis added).

The statutes plaintiff premises her claims on are expressed as prohibitions

and do not provide a personal entitlement.  See 18 U.S.C. § 371 (prohibiting

instances when "two or more persons conspire either to commit any offense against

the United States" and prescribing up to five years of imprisonment); 18 U.S.C. §

1702 (prohibiting taking "any letter . . . which has been in any post office or

authorized depository" and prescribing up to five years of imprisonment); 18 U.S.C. §

1708 (prohibiting the illicit taking or receiving of stolen mail and prescribing up to five

years of imprisonment).  When confronted by the same claims that plaintiff raises

before this court, other courts have held that these statutes offer no private cause of

action.  See, e.g., Rockefeller v. U.S. Court of Appeals Office, for the Tenth Circuit

Judges, 248 F. Supp. 2d 17, 23 (D.D.C. 2003) ("as criminal statutes, [18 U.S.C. §§

242, 371] do not convey a private right of action") (citations omitted); Sciolino v.

Marine Midland Bank-Western, 463 F. Supp. 128, 130-31 (W.D.N.Y. 1979) ("[a] civil

claim arising out of an alleged violation of penal statutes relating to the mails i.e., 18

U.S.C. ss 1701, 1702, 1703, 1708 and 1709 is not" cognizable) (citations omitted).

We are in agreement with these cases.  Therefore, the statutes on which plaintiff bases her claims for relief offer no private cause of action, and the court holds that the plaintiff has failed to state a claim for which relief can be granted.[5]

### B.  Motion for Leave to Amend Complaint

Plaintiff requested the court grant her leave to amend her complaint.[6]  (See Doc. 14).  In conjunction with her request for leave, plaintiff filed a copy of her proposed amended complaint for the court's consideration.  (See Doc. 16, Am. Compl.).  After reviewing the proposed amended complaint, the court is convinced that allowing plaintiff leave to amend would be futile; therefore, the court will deny plaintiff's motion.

Leave of the court is required under Federal Rule of Procedure 15(a)(2) when a party seeks to amend a pleading outside of the time-frame allowed in Rule 15(a)(1).  Courts are instructed to "freely give leave when justice so requires."  FED. R. CIV. P. 15(a)(2).  The Supreme Court requires that Rule 15(a)(2) leave should be freely-given; specifically the court held that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."  Foman v. Davis, 371 U.S. 178, 182 (1962).  District courts are justified in denying leave to amend when the movant has unduly delayed the case, when the movant seeks leave in bad faith or with a dilatory

---

[5] The court does not need to address Defendant Haggerty's state-law immunity defense as plaintiff has failed to state a claim for which relief can be granted.

[6] Plaintiff filed her motion for an amended complaint approximately three months after defendants served their motion to dismiss, outside of the twenty-one day deadline in which plaintiff may amend her complaint as a matter of course.  See FED. R. CIV. P. 15(a)(1).

motive, when granting leave would unduly prejudice the other parties, and when the amendment would prove futile.  See Riley v. Taylor, 62 F.3d 86, 90 (3d Cir. 1995) (citing Foman, 371 U.S. at 182).

"An '[a]mendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss.'"  Id. at 92 (quoting Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988)).  Plaintiff's motion for leave is futile because the proposed amended complaint does not cure the fatal defects of the original complaint and would not survive a motion to dismiss.

Plaintiff's proposed amended complaint includes new claims under the Internal Revenue Code.  Specifically, plaintiff claims she is entitled to relief under 26 U.S.C. §§ 6103, 7213, 7431.[7]  Plaintiff's proposed amended complaint also includes the affidavit of Adam Zwolinsky, the cigar store manager, which merely provided additional facts to support the claims already asserted.

Plaintiff's proposed amended complaint construes the Internal Revenue Code as prohibiting all disclosures of tax information; however, an examination of the relevant statutes and case law reveal that only the disclosure by particular groups is proscribed.  Section 6103 prohibits the disclosure of confidential tax return information, but this disclosure prohibition only applies to select categories of

_____

[7] Plaintiff avers in her briefs that the amended complaint contains "related claims under Pennsylvania's common law, specifically, law of agency: common law theft of US mail, common law fraud in introducing the stolen IRS letter in the pending Stare (sic) Court action; common law theft and destruction of mail."  (Doc. 14,  Pl.'s Mot. for Leave at 4).  However, aside from these confusing conclusory statements, the court cannot find any portion of the proposed amended complaint that satisfy the simple pleading requirements of Rule 8(a) with respect to these claims.

individuals with access to tax return information.[8]  Courts have declined to extend

the "other person" category of section 6103(a)(3) beyond the specific categories

listed in section 6103.  See e.g., Hrubec v. Nat'l R.R. Passenger Corp., 49 F.3d

1269, 1270-71 (7th Cir. 1995) (holding that section 6103 does not apply to railroad

employees who obtained and disclosed tax return information without the consent of

the taxpayer); Stockwitz v. United States, 831 F.2d 893, 895 (9th Cir. 1987)

("Section 6103 establishes a comprehensive scheme for controlling the release *by*

*the IRS* of information received from taxpayers to discrete identified parties, subject

to specified conditions."); Ungaro v. Desert Palace, Inc., 732 F. Supp. 1522, 1527

(D. Nev. 1989) (finding that a private sector employer is not within the "other person"

category of section 6103).

     Plaintiff admits in her brief that defendants do not fit on the "'bad guy' list" of

section 6103, but plaintiff nonetheless contends that defendants are bound by it.

(See Doc. 23, Pl.'s Br. in Supp. of Mot. for Leave at 5).  The court is unpersuaded by

plaintiff's argument.  Defendants, as third-party business owners and an attorney, fall

---

[8] The legal obligation to keep return information confidential applies to federal government employees, state and local government employees, and other persons who are permitted access to tax return information under the law.  See 26 U.S.C. § 6103(a). The list of those who qualify as an "other person" under section 6103 is very specific.  See § 6103(e)(1)(D)(iii) (those who obtain tax return information in their role as a bona fide shareholder of more than one percent of the outstanding shares of a corporation); (*l*)(6) (those performing functions related to child support) (*l*)(10) (those who process reductions sought under the Internal Revenue Code); (*l*)(12) (those who process verifications of employment status of medicare beneficiaries);  (*l*)(16) (those administering the District of Columbia Retirement Protection Act of 1997); (*l*)(19) (those providing transitional assistance under medicare discount card program); (*l*)(20) (those carrying out Medicare Part B premium subsidy adjustment); (m)(2) (those who receive tax return information in conjunction with a federal claim); (m)(4)(B) (those who receive tax return information pursuant to Department of Education regulations); (n) (those involved in the tax administration process).

outside of the specific categories of individuals subject to section 6103.  Therefore, plaintiff's claim with respect to section 6103 would fail as a matter of law.

Similarly, plaintiff's claims for relief under 26 U.S.C §§ 7213 and 7431 would fail as a matter of law if the court were to grant plaintiff leave to amend the complaint.  Section 7213 makes it a crime for individuals to publish tax return information when that return information was unlawfully provided by a government employee or "other person" as defined in section 6103(a)(3).  See 26 U.S.C. § 7213(a)(3).  As discussed above, defendants do not fall within the category of individuals governed by section 6103; therefore, this criminal statute is equally inapplicable.  Section 7431 allows for civil damages for individuals who establish that their tax return information was disclosed in violation of section 6103.  See 26 U.S.C. § 7431.  As discussed above, section 6103 does not apply to defendants because they do not fall within one of the classifications specifically covered by the tax return disclosure requirement of section 6103.

The court is neither persuaded by plaintiff's assertions that previous interpretations of these statutes are incorrect, nor is the court moved by plaintiff's claim that these statutes somehow violate her constitutional rights.  The new claims in plaintiff's proposed amended complaint fail to cure the fatal defects of her original complaint.  If granted leave to amend her complaint, plaintiff's new complaint would fail as a matter of law because defendants fall outside of the class of entities and individuals to whom sections 6103, 7213, and 7431 applies.  The court will accordingly deny plaintiff's motion for leave to amend as it is futile.  The court will not address plaintiff's remaining motions to add a new plaintiff and disqualify defendants'

counsel as these motions are moot.

**Conclusion**

For the reasons stated above, the court will grant defendants' motion to dismiss and deny plaintiff's motions for leave to amend the complaint, to disqualify defendants' counsel, and to add an additional party as a plaintiff.  An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MELANIE M. MANNING,** | : | **No. 3:11cv302** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **JAMES J. HAGGERTY;** | : | |
| **JASON HOLLY;** | : | |
| **MENECHEM GANSBURG; and** | : | |
| **TABACALERA REPUBLICA, INC.,** | : | |
| **Defendants** | : | |

## ORDER

**AND NOW,** to wit, this 28th day of September 2011, it is hereby **ORDERED** as follows:

1. Defendants' motion to dismiss the complaint (Doc. 5) is hereby **GRANTED**;

2. Plaintiff's motion for leave to amend the complaint (Doc. 23) is hereby **DENIED**;

3. Plaintiff's motion to join an additional party as a plaintiff (Doc. 23) is hereby **DENIED** as moot;

4. Plaintiff's motion to disqualify defendants' attorney (Doc. 23) is hereby **DENIED** as moot.

The Clerk of Court is directed to **CLOSE** the case.

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**